**WESTERN UNION TELEGRAPH CO. v. RUTLEDGE. (No. 2987.)**

Court of Civil Appeals of Texas. Amarillo. April 4, 1928.

Rehearing Denied May 2, 1928.

Cooper & Lumpkin, of Amarillo, and Francis R. Stark, of New York City, for appellant.

McIntosh & Bragg, of Memphis, for appellee.

JACKSON, J. This suit was instituted by original petition in the district court of Hall county, Tex., on December 5, 1925, by the appellee, C. N. Rutledge, to recover $2,000 damages for the alleged negligence of the appellant, the Western Union Telegraph Company, in failing to promptly transmit and deliver a death message, reading:

"Gilmer, Texas, December 5, 1924

"C. N. (Charley) Rutledge, % G. T. Moss, Memphis, Texas.

"Come at once Albert dead Funeral Sunday
"W. A. Rutledge."

Appellee alleges in said petition that about 11 o'clock p. m., December 5, 1924, W. A. Rutledge delivered the above message to appellant at Gilmer, Tex., for transmission and delivery to appellee or to G. T. Moss for appellee, near the city of Memphis, Tex.; that the appellant accepted said message for delivery to appellee or to G. T. Moss, as aforesaid, and agreed to rush it through and deliver it as soon as possible; that W. A. Rutledge paid the customary charge for the transmission of said message and informed the agents of the facts and circumstances requiring a speedy transmission and delivery thereof; that appellee was ignorant of the death of his brother, and said message was not delivered nor received until about noon December 9, 1924; that he had resided near the city of Memphis for four years with G. T. Moss, who was well known to the public generally; that G. T. Moss knew the whereabouts of appellee on the 5th and 6th of December, and, had the message been delivered to him, he would have delivered it to appellee; that, if the message had been delivered at any time on December 6th, appellee could and would have taken the first outgoing passenger train over the Fort Worth & Denver City Railway Company and reached Bettie, Tex., via the Texas & Pacific Railway Company, about noon Sunday, the 7th and gone by automobile from there to the funeral; that, by the exercise of reasonable and proper diligence, the appellant could have delivered said message by mail or otherwise to appellee or G. T. Moss, near Memphis Tex., by noon of December 6, 1924; that the appellant failed to use due diligence in the delivery of the message, and was guilty of negligence and carelessness in its failure to deliver same, by reason of which appellee was prevented from being present at the funeral of his brother; and that appellee suffered great disappointment, grief, and mental anguish because he was unable to be present at his brother's funeral.

The appellant, in its original answer, among other things, specially excepted to appellee's original petition, because it appeared therefrom that the telegram sued on was sent to appellee, in care of G. T. Moss at Memphis, Tex., and said petition nowhere alleged that either the appellee or G. T. Moss was in the town of Memphis on either the 5th, 6th, or 7th of December, and because it appeared from the petition that the appellant could not have delivered the telegram to the appellee or to G. T. Moss in the town of Memphis, after the telegram was sent.

On February 8, 1927, the appellee filed his first amended original petition, which retained the allegations in the original petition, and pleaded particularly that G. T. Moss resided in the country outside of the city of Memphis, but that appellee and G. T. Moss were both in the town of Memphis and on the streets a large part of the 6th day of December, 1924, and that, by the exercise of reasonable diligence and ordinary care, he or G. T. Moss could have been found and the message delivered by the appellant in the city of Memphis; that, at the time the message was delivered to appellant at Gilmer, it agreed to rush the telegram through and deliver it, and that the agent was offered whatever extra charge and expense was necessary to insure a hasty delivery of the message, but the agent advised the sender that it was unnecessary to deposit any extra charge, as said message would be delivered to appellee, and that the sender agreed to pay and guarantee the payment of any charges necessary to insure the earliest possible delivery of the telegram, and that the appellant was informed that appellee resided in the country; that, by the use of reasonable diligence and ordinary care, the telegram could have been delivered to appellee or G. T. Moss in Memphis on December 6th, or could have been delivered by United States mail or otherwise by noon on said date.

The appellant, in its first amended answer, urged a general demurrer and specially excepted to the portion of appellee's amended petition setting up that, at the time the telegram was delivered to it on December 5th, at Gilmer, Tex., for transmission and delivery, there was an agreement to the effect that the sender of the message would pay and guarantee the payment of any charges necessary to insure the delivery of the telegram, because said allegation set up a new contract from the one alleged in the original petition, and such new contract was not pleaded for more than two years after the plaintiff's alleged cause of action accrued, and was therefore barred by the statute of two years' limitation. Rev. St. 1925, art. 5526.

It is also answered by general denial, and

pleaded that the message was to be sent subject to the terms of the contract, as shown on the telegram, which provided that the message would be delivered free within a half a mile of appellant's office in towns of 5,000 population or less, and within one mile of such office in other cities and towns; that beyond such limits the appellant did not undertake to make delivery, but would, without liability, at the sender's request and expense, endeavor to contract for such delivery; that neither the appellee nor G. T. Moss resided within the delivery limits of its office in the town of Memphis, but resided several miles in the country, and that, by reason of such contract, there was no liability against appellant if it failed to deliver the message; that it had and maintained, in the city of Memphis, certain office rules which were reasonable, and that under such rules it did not keep its office in the town of Memphis, Tex., open at nights for the purpose of receiving and delivering telegrams, and it was only required to exercise reasonable care to deliver the message the following day, which it did by mailing the message to the appellee on the morning of December 6, 1924, after it had learned that neither appellee nor G. T. Moss lived in Memphis, but lived in the country; that, after said message was transmitted and it had been unable to deliver it, a service message was forwarded and delivered to the sender in an attempt to obtain a better address in order that appellant could deliver the message, but the sender failed and refused to furnish such address, and that, by reason thereof, he was guilty of negligence, which barred appellee's recovery.

In response to special issues submitted by the court, the jury found in effect that appellant was guilty of negligence in the way and manner in which it delivered the telegram, and that by the use of ordinary care it could have delivered the telegram to appellee or G. T. Moss on December 6, 1924, in time for appellee to have attended the funeral of his brother; that, if appellant had used ordinary care in the delivery of the message, the appellee could and would have arrived in time to attend his brother's funeral; that appellee suffered mental anguish by not being permitted to attend the funeral of his brother, and that the negligence of the appellant was the proximate cause of appellee's mental anguish, and that his damages were the sum of $500; that the sender of the message was not guilty of contributory negligence in failing to furnish appellant with an adequate address.

In response to special issues submitted by the court at the request of appellant, the jury found, in substance, that the appellant failed to exercise ordinary care in trying to locate the appellee and G. T. Moss in order to deliver the message, after it had reached appellant's office in Memphis; that, after the telegram reached Memphis, the appellant requested of the sender a better address of appellee or G. T. Moss; and that the sender failed to furnish any better address, but did agree, at that time, to pay any necessary expenses to deliver the telegram in the country from the town of Memphis.

On these answers and verdict, the court rendered judgment that appellee should have and recover of appellant the sum of $500 with interest thereon, and costs of suit, from which judgment this appeal is prosecuted.

The appellant assigns as error the action of the trial court in overruling its special exception to that part of appellee's first amended original petition, setting up an agreement by the sender of the message to pay and guarantee the payment of any charge or expense necessary to insure prompt delivery of the telegram, because no such contract was alleged in the original petition, and such contract constituted a new cause of action, which was barred by the statute of two years' limitation at the time the first amended petition was filed.

▮ The appellant pleaded limitation as a defense only by its exception to the amended petition, and the record fails to disclose that said exception was ever called to the attention of the court or acted upon by him, and therefore, if the court's action was error, it was waived. O. I. Headley et al. v. A. T. Obenchain, 33 Tex. 682; Phœnix Ins. Co. v. Boren et al., 83 Tex. 97, 18 S. W. 484; Gardner et al. v. Dorsey (Tex. Civ. App.) 272 S. W. 266. However, if appellant's contention was properly presented, it could not be sustained, because it was alleged in the original petition that the telegram was delivered to appellant at Gilmer, Tex., for transmission and delivery to appellee or G. T. Moss, for the appellee, near the city of Memphis, Tex., and that appellant accepted the message for delivery, as aforesaid, and agreed to rush it through and deliver it as soon as possible. This allegation is sufficient to charge that the message was to be delivered outside of the town of Memphis, Tex., and the amplification of this allegation by appellee in its first amended original petition does not set up a new cause of action. Western Union Tel. Co. v. Smith (Tex. Civ. App.) 146 S. W. 332; Id. (Tex. Civ. App.) 133 S. W. 1062; Silver Valley Horse Co. v. C. V. Evans & Co. (Tex. Civ. App.) 190 S. W. 794; Fuller et al. v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455.

▮ The appellant, having created its delivery limits, would not be relieved from exercising ordinary care to deliver the message outside of the town of Memphis, unless it had demanded and been refused the extra fee for the service of delivering beyond its limits. Western Union Tel. Co. v. Harris,

105 Tex. 320, 148 S. W. 284; Western Union Tel. Co. v. Midgett (Tex. Civ. App.) 251 S. W. 253.

■ Appellant challenges as erroneous the charge of the court instructing the jury that the burden of proof was on the appellee to establish the material allegations of his petition by a preponderance of the evidence, because, the case having been submitted on special issues, the court should have instructed the jury as to whom the burden of proof was upon on the issues submitted.

In addition to the above charge on the burden of proof, the court advised the jury that each issue should be answered from a preponderance of the evidence. No special charge was requested by the appellant on the burden of proof, and, the court having submitted to the jury, in the form of issues, the allegations in the petition which were material to appellee's recovery, in our opinion this assignment does not constitute reversible error.

"In cases in which evidence is introduced by the respective parties, tending to prove and to disprove the issues of fact involved in the cause, occasion does not arise for declaration upon whom the burden of proof rests; for the question then becomes merely one of preponderance of evidence, which is for the decision of the jury under all the evidence introduced, whether this be direct or circumstantial. In such cases a charge upon the burden of proof is more likely to mislead than to give a jury a correct view of their duties." Stooksbury et al. v. Swan et al., 85 Tex. 563, 22 S. W. 963; Tarwater v. Donley County State Bank (Tex. Civ. App.) 277 S. W. 176.

■ The appellant challenges as error the action of the court in submitting, in his general charge, special issue No. 1, which reads, "Was the Appellant guilty of negligence in the manner in which it delivered the telegram?" because the negligence thus submitted was not alleged nor relied on by the appellee.

If the submission of issue No. 1 shown above was error, it was rendered harmless, for the reason that the court, at the request of the appellant, submitted, and the jury found, that the appellant did not exercise ordinary care to locate the appellee or G. T. Moss, in order to deliver the message, after it reached appellant's office in the town of Memphis on December 6, 1924.

■ The appellant assails as error the action of the court in rendering judgment against it, in favor of appellee, because the jury found facts showing that the sender of the message was guilty of negligence in not furnishing a better address after being notified that the message was undelivered. This position is not tenable, for the reason that the jury found that the sender of the message was not guilty of negligence in failing to furnish appellant with an adequate address, and this finding was warranted by the testimony, which tends to show that the sender of the message had furnished the appellant with all the information he had at the time the message was delivered for transmission.

What we have said is sufficient to dispose of the assignments of error, except those which challenge the sufficiency of the testimony to support the findings of the jury that the appellee suffered mental anguish by reason of not being permitted to attend his brother's funeral, which he could and would have done had the appellant used ordinary care in the delivery of the message. Without giving in detail the testimony, in our opinion it is sufficient to warrant the findings of the jury on such issues, and these assignments are overruled.

The judgment is affirmed.