## WESTERN UNION TELEGRAPH CO. v. RUTLEDGE. (No. 1024—5216.)

Commission of Appeals of Texas, Section A. March 20, 1929.

Francis R. Stark, of New York City, and Cooper & Lumpkin, of Amarillo, for plaintiff in error.

Sam Hamilton and McIntosh & Bragg, all of Memphis, for defendant in error.

CRITZ, J. This suit was originally instituted by C. N. Rutledge, hereinafter designated plaintiff, against Western Union Telegraph Company, hereinafter designated telegraph company, to recover the sum of $2,000 alleged damages on account of the alleged negligence of the telegraph company in failing to deliver to the plaintiff on December 6, 1924, at Memphis, Tex., a telegram sent from Gilmer at 11:30 o'clock p. m. on December 5, 1924, which reads as follows:

"Gilmer, Texas, December 5th, 1924.
11:30 p. m.

"C. N. (Charley) Rutledge, Care G. T. Moss, Memphis, Texas.

"Come at once Albert dead funeral Sunday. [Signed] W. A. Rutledge."

Trial by jury, the case being submitted on special issues, resulted in a verdict and judgment for the plaintiff in the sum of $500. This judgment was duly appealed to the Court of Civil Appeals for the Seventh District [15 S.W.(2d) 207], which court affirmed the judgment of the district court, and the case is now before this court on writ of error granted on application of the telegraph company. For brevity, we refer to the opinion of the Court of Civil Appeals for further statement of the case.

As stated, the trial court submitted the case to the jury on special issues, and among other instructions in his main charge was the following: "The burden of proof is on the plaintiff to establish the material allegations of his petition by a preponderance of the evidence."

The telegraph company excepted in due time to this paragraph of the court's main charge as follows:

"The defendant objects to paragraph five of the Court's charge, wherein the Court informed the jury that the burden was upon the plaintiff to establish the material allegations in his petition by a preponderance of the evidence for the following reasons:

"(a) Said instructions leave to the jury to pick out what constitute material allegations in plaintiff's petition; (b) Because the Court in the issue submitted to the jury does not submit each of the material allegations contained in Plaintiff's Petition; (c) Because the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the affirmative of Interrogatories 1, 2, 3, 4, 5, and 6, and the Court should so instruct the jury."

Before discussing the issues raised by the exceptions, we will say that, in our opinion, the above-quoted charge should never be given in the form quoted where a case is submitted to a jury on special issues. When a case is submitted in this manner, the jury are not concerned with, nor are they presumed to know, what facts are essential to be found to entitle the plaintiff to recover. Duron et al. v. Beaumont Iron Works (Tex. Com. App.) 9 S.W.(2d) 1104. Also the charge as given is clearly a general charge in violation of article 2189, R. C. S. of Texas 1925. However, the charge is not objected to on the ground that it is a general charge, or that it submits the result to the jury, and we would not reverse if these were its only vices.

In our opinion, the exception to the charge, to the effect that it leaves it to the jury to pick out what constitutes material allegations in the plaintiff's petition, should have been sustained. In other words, the charge on burden of proof, contrary to the law of special issues, left the jury to determine what constituted the material allegations in the petition. Furthermore, it submitted a question of law. James C. Davis v. J. P. Morris (Tex. Com. App.) 13 S.W.(2d) 63, not yet [officially] reported.

The charge in question was further erroneous in that the burden of proof was on the plaintiff to establish by a preponderance of the evidence the affirmative of six of the seven issues submitted, while the burden of proof was on the telegraph company to establish the affirmative of the seventh issue, being the one on contributory negligence. The charge on the burden of proof gave the jury no adequate guide, but left them to de-

termine as a matter of law what issues submitted were material to the plaintiff's right to recover.

We do not think that the fact that the court also instructed the jury to answer the questions submitted from a preponderance of the evidence cured the error.

■ Proper objection pointing out alleged defects in the charge given is sufficient, and it is not necessary to submit a special charge correcting the defect. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570. This opinion is expressly approved. Furthermore, in the case at bar, no special charge was called for, as a mere elimination of the charge complained of would have cured the error.

By further assignment, the telegraph company complains of the holding of the Court of Civil Appeals to the effect that the evidence is sufficient to show that, had the telegram been delivered in time, the plaintiff could and would have attended his brother's funeral.

The evidence in question shows that the plaintiff would have taken the south-bound Fort Worth & Denver train for Fort Worth, and would have left Fort Worth over the Texas & Pacific for Big Sandy, and would have left Big Sandy over the Cotton Belt for Gilmer. The parties to this suit agreed as to the schedule of trains, which shows that, had the trains been on time, the plaintiff could have gotten to his brother's funeral by the above route. The train plaintiff would have arrived in Fort Worth on was scheduled to arrive there at 7:20 a. m., and the one he would have left on was scheduled to leave at 7:37 a. m. There is no showing in the record that the trains mentioned actually ran on time at the times in question, and none to show that they did not. Under this state of the record, the Court of Civil Appeals held the evidence sufficient, and that holding is assigned as error.

■ Even if we concede that an assignment in the Supreme Court to the effect that evidence is not sufficient raises the issue that there is no evidence, which question we do not pass on, we do not think that this assignment presents a question that this court can reverse on. The sufficiency of evidence is for the Court of Civil Appeals. That court having held the evidence sufficient, we are not prepared to say that there is no evidence to sustain their holding. In other words, we

hold that, when the plaintiff proved that, according to the regular schedule, he could have made connections, and arrived at his destination in time for the funeral, even though he did not prove that the train actually ran on schedule at the particular time in question, that he offered some testimony to support the allegation that he could have attended the funeral by the route named, and the Court of Civil Appeals having found the testimony sufficient, such a finding is binding on this court.

■ By proper assignment of error, the telegraph company complains of the holding of the Court of Civil Appeals to the effect that the trial court did not err in rendering judgment against it because the jury found that the sender of the telegram was not guilty of contributory negligence in failing to furnish appellant with an adequate address, although requested to do so by the telegram. We think the holding of the Court of Civil Appeals on this matter is correct. According to the record, an issue of fact was presented and the finding of the jury is supported by the record. Furthermore, the record shows that the messenger boy, the agent of the company, learned the whereabouts of the plaintiff at 8 o'clock on the morning of December 6, 1924, when he testifies he mailed the telegram to the plaintiff by depositing same at the post office in Memphis. If the telegraph company learned the proper address of the plaintiff at 8 o'clock in the morning on this date, the failure on the part of the sender of the message to give a better address could not have contributed to the delay of the message.

The other assignments were properly disposed of by the Court of Civil Appeals, and no good purpose would be subserved by further discussing them.

On account of the error in giving the charge quoted on the burden of proof, we recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and the cause remanded to the district court for a new trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.