## DALLAS RY. & TERMINAL CO. et al. v. BOLAND et ux.

### No. 1229.

Court of Civil Appeals of Texas. Waco.

Sept. 15, 1932.

Rehearing Denied Oct. 13, 1932.

Worsham, Rollins, Burford, Ryburn & Hincks and Leachman & Gardere, all of Dallas, for appellants.

W. J. Rutledge, Jr., of Dallas, for appellees.

BARCUS, J.

Appellees instituted this suit against appellants, Dallas Railway & Terminal Company and R. E. McVey, to recover $25,000 damages which they claimed they had suffered by reason of appellants having negligently killed their nine year old son.

The Dallas Railway & Terminal Company, hereinafter called the bus company, was operating a passenger bus in Dallas, and at the time in question, about 7:30 a. m., a bus loaded with passengers was coming from the residential section into town down Ewing avenue. The bus was about 8 feet wide and 14 feet long and carried 21 passengers. Ewing avenue was a paved street about 30 or 36 feet in width. Appellant McVey was driving his car down Ewing avenue behind the bus, and, in attempting to pass it, struck a bicycle on which the two boys of appellees were riding, and as a result thereof one of the boys was killed. The bus company had no connection or control over the car driven by McVey; neither did he have any connection or control over the bus.

The jury, in answer to special issues, found that the bus driver was not guilty of negli-

gence in failing to keep a proper lookout. It found that the operator of the bus was guilty of negligence, which was a proximate cause of the injury, in failing to operate the bus in such manner as that he gave due regard for the safety of other persons, and that the bus driver was guilty of negligence, which was a proximate cause of the injury, because he failed to keep the bus as close as possible to the right-hand side of the street, as required by subdivision J, article 801 of the Penal Code. The jury found that McVey was operating his car at a negligent rate of speed, which was a proximate cause of the injury; that he negligently failed to sound his horn before attempting to pass the bus, which was a proximate cause of the injury; that he was negligent in failing to keep a proper lookout, which was a proximate cause of the injury; that he was negligent in operating his automobile without allowing sufficient room for other persons to use the west side of Ewing avenue, which was a proximate cause of the injury. It found that the collision between the automobile of McVey and the bicycle was not the result of an unavoidable accident. The jury further found that the children on the bicycle were not guilty of any acts of negligence. They assessed appellees' damages at $5,000.

Appellees in their brief state that the judgment of the trial court cannot be upheld by virtue of the finding of the jury that the bus driver was guilty of negligence in failing to keep the bus as close as possible to the right-hand side of the street, as required by subdivision J of article 801 of the Penal Code, since this section has been held invalid by the Supreme Court, speaking through the Commission of Appeals, in Abbott v. Andrews, 45 S.W. (2d) 568. Further discussion of said finding is therefore omitted.

■ The only other act of negligence found by the jury against the bus company is contained in special issues 3, 4, and 5, in answer to which the jury found, in effect, that the operator of the bus was guilty of negligence, which caused the injury, "in failing to operate the bus in such a manner as that he gave due regard for the safety of other persons using Ewing Avenue at said time." Appellant bus company excepted to the allegation in appellees' pleading raising said issue, on the ground that same was a mere conclusion of the pleader, was too vague and indefinite, and amounted to a general allegation of negligence, which exception was overruled by the trial court. Appellant bus company objected to said issue being submitted because it was vague and indefinite, and because no guide was given to the jury as to what was meant by the term "due regard," and because it was in effect a general charge, and further, that since appellees had pleaded specific acts of negligence with reference to the method and way the bus was being operated, they were limited thereto. We think it was error for

the trial court to overrule the exception to said pleading and to submit said issues to the jury. The law seems to be well settled that, where a party pleads specific acts of negligence, same control and supersede any general allegations relative thereto. San Antonio & A. P. Ry. Co. v. DeHam, 93 Tex. 74, 53 S. W. 375; San Antonio Gas & Electric Co. v. Speegle (Tex. Civ. App.) 60 S. W. 884; Gordon v. Postal Telegraph-Cable Co. (Mo. App.) 24 S.W.(2d) 644. Said issue as submitted in effect turned the jury loose to find any act of negligence which they may have thought constituted a failure on the part of the bus driver to give due regard to the safety of other people using the street. The specific acts of negligence alleged against the bus driver were separately submitted by the trial court, and issue 3 was in effect a resubmission of each of those acts as well as any other act that the jury may have concluded constituted such negligence, whether same had been pleaded or not.

■ Appellants McVey and the bus company each assign error to the action of the court in defining what is meant by an unavoidable accident. The trial court submitted the issue as to whether the collision between the car driven by McVey and the bicycle on which the children were riding was an unavoidable accident, and in connection therewith charged the jury as follows: "In connection with this issue, you are instructed that an unavoidable accident is an unforeseen and unexpected happening which occurs without negligence on the part of any of the parties involved therein proximately contributing thereto."

Each of appellants objected to the issue as submitted, and requested the court, in lieu thereof, to submit separate issues for the jury to determine whether it was an unavoidable accident in so far as the bus company and the boys were concerned and whether it was an unavoidable accident in so far as McVey and the boys were concerned; appellants' contention being that, under the peculiar facts in the case at bar, the jury might have found that as to one of them, or as to each of them if the issue had been submitted separately, that the injury was the result of an unavoidable accident. Under the undisputed facts, there was no relationship or connection between the bus company and McVey. The operator of the bus was bringing a load of passengers to the business section of the city, being driven at an ordinary rate of speed, and McVey, driving his car, attempted to go around the bus, and, as he did so, the children on the bicycle came from the sidewalk onto the street, and McVey, in attempting to dodge them, wrecked his car, turning same over, and caught one of the children under the fender, which caused the child's death. Whether McVey's automobile struck the bus was a disputed question. The bus did not stop, and neither the driver thereof nor any one in the bus,

so far as the record shows knew that the accident had occurred or that McVey's car struck the bus. A witness standing some half a block behind the bus at the time the accident occurred stated that McVey's car did strike the bus. The other witnesses all testified to the contrary. The jury found that the operator of the bus was negligent in operating the bus in such manner as not to give due regard to the safety of other people using the street. As to appellant McVey, the jury found a number of acts of negligence, each of which was found to be a proximate cause of the injury. Clearly, under the facts in this case, as between McVey and the children riding on the bicycle, the jury could have found that the injury was the result of an unavoidable accident, regardless of whether the operator of the bus was guilty of negligence in using said street or not. While the definition as given by the court is the ordinary and accepted definition of an unavoidable accident, where, as in this case, there was no connection between the bus company and McVey, and appellees had alleged entirely separate and distinct acts of negligence on the part of each, the trial court should have submitted to the jury separately as to each defendant the question as to whether the injury was an unavoidable accident. If, as a matter of fact, the injury was caused by reason of the driver of the bus operating the car without due regard for the safety of other people, the jury might well have decided as to said bus company the injury was not an unavoidable accident, since the driver of the bus could have operated the car so as to give due regard to other people.

■■■ Each of the appellants objected to the issue submitted by the court for the jury to determine the amount of damages, if any, suffered by appellees, because the court in submitting said issue failed and refused to instruct the jury in connection therewith not to consider any grief or sorrow of the parents or either of them, and not to consider any loss of companionship, and not to consider the affections of the parents for the child or the affections of the child for the parents, and not to consider any mental pain or physical suffering by the child which occurred prior to his death. We sustain this contention. Our courts have definitely held that an objection to an issue as submitted by the court that it fails to exclude or include certain things that should be is sufficient without the party tendering a special issue in connection therewith. H. & T. C. Ry. Co. v. Gant (Tex. Civ. App.) 175 S. W. 745; Hines v. Kelley (Tex. Com. App.) 252 S. W. 1033; G., C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Wichita Valley Ry. Co. v. Williams, 116 Tex. 253, 288 S. W. 425; Western Union Telegraph Co. v. Rutledge (Tex. Com. App.) 15 S.W.(2d) 210.

In Hines v. Kelley, supra, the court, speaking through the Commission of Appeals, specifically held that it was error for the trial court not to exclude from the consideration of the jury those elements of damage which the jury should not consider in a case similar to the one at bar, such as grief, loss of society of plaintiff's son, mental pain and anguish, and such other elements as the jury might improperly consider in a case of this character.

Appellant McVey complains of that portion of the court's charge which authorized the jury to award damages for the value to appellees of the aid they might receive from the child after he attained his majority; their contention being that the evidence was not sufficient to support this issue. Since the case is to be reversed on other grounds, appellees will have an opportunity to, and perhaps will, strengthen their testimony on this issue. We deem it unnecessary to, and we do not, pass on this proposition.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.