## WILKINSON v. GORDON.
### No. 8780.

Court of Civil Appeals of Texas. Austin.
Dec. 21, 1938.

Rehearing Denied Jan. 18, 1939.

Critz & Woodward, of Coleman, for appellant.

Baker & Baker, of Coleman, for appellee.

BLAIR, Justice.

Appellee, J. F. Gordon, sued appellant, C. C. Wilkinson, for damages alleged to have resulted from the negligent thresh-

ing of appellee's wheat and barley by appellant. Appellee alleged that appellant and his employees "negligently ran said threshing machine at a high and excessive rate of speed and overfed said machine while running at a high and excessive rate of speed, and negligently had and kept in said machine too many teeth in its concave, and by reason of said negligence * * * blew into the straw stack about 600 bushels of wheat * * * and about 100 bushels of barley"; and "that by reason of said negligence aforesaid, the said wheat and barley," which were blown in the stack, "was broken and chopped and unfit for use * * *."

After properly defining "negligence," the court submitted three special issues, which, together with the jury's answers, are as follows:

"Do you find and believe from a preponderance of the evidence, that defendant, C. C. Wilkinson, or his employes, negligently operated his threshing machine, in threshing plaintiff's wheat and barley crop, at the time alleged in plaintiff's petition?" Answer: "Yes."

"Do you find from a preponderance of the evidence that such negligence, if any, caused plaintiff's wheat and barley to be broken, chopped and blown into the straw stack, as alleged by plaintiff?" Answer: "Yes."

"How many bushels of wheat and how many bushels of barley, if any, were chopped and broken and blown into the straw stack, by reason of such negligence, if any, of the defendant?" Answer: "280 bushels of wheat; 40 bushels of barley."

No controversy arose as to the market value of the wheat and barley, nor as to the expenses per bushel of threshing and marketing same. The trial court deducted from the total market value of the wheat and barley found by the jury to have been broken and chopped and blown in the straw stack, the total expenses of threshing and marketing same, and thus found appellee's damages to be $255.40, and for which sum judgment was accordingly rendered for appellee; hence this appeal.

Appellant objected to Special Issue No. 1, "because same does not restrict the issue of negligence to the specific grounds of negligence alleged in plaintiff's petition"; and objected to Special Issue No. 3, "for the same reasons." Appellant asserts here that appellee plead

three separate specific grounds of negligence, to-wit: "(1) Running the machine at a high and excessive rate of speed; (2) overfeeding said machine; and (3) having too many teeth in the concave." By his objections, appellant did not point out these specific grounds of negligence claimed to have been alleged by appellee, nor that the evidence raised such separate issues of negligence; and for that reason it is doubted if the objections and the asserted error based thereon can be considered. The objections did not apprise the court of any specific ground of negligence alleged or proved, but merely invited the court to examine the petition of appellee and discover what specific grounds of negligence appellant may have had in mind. Such objections were too indefinite and general to apprise the court of any specific ground of negligence which appellant thought was raised by pleadings and evidence. In any event, we regard the error, if error, as harmless.

The petition did not allege the three specific grounds of negligence claimed by appellant, but alleged only one ground of negligence based upon several concurring acts. That is, appellee merely alleged that appellant negligently overfed the threshing machine while operating it at a high rate of speed and with too many teeth in the concave, which caused the wheat and barley to be broken and chopped, and blown into the straw stack. On this ground of negligence several witnesses, experienced in operating the same or similar threshing machines, testified in substance that the concurrence of the acts of overfeeding while operating the machine at high speed and with too many teeth in the concave would cause excessive amounts of wheat and barley to be broken and chopped and blown into the straw stack. This was the only ground of negligence alleged or testified to. The jury could not have been misled as to any other act or acts of negligence, because none was alleged or proved. There was much evidence of overfeeding the machine while operating at high speed and with the teeth set closely in the concave, in the threshing of appellee's wheat and barley, and that large amounts of broken and chopped, and whole wheat and barley were blown into the straw stack. The question presented is therefore not ruled by the several cases cited by appellant, which hold that where several specific grounds of negligence are alleged, same should be submitted by sep-

arate and distinct issues as required by Art. 2190, R.S.1925, Vernon's Ann.Civ.St. art. 2190. The following cases cited by appellant, and others of similar purport, all hold that a plaintiff cannot recover except upon specific acts of negligence alleged, or proved without objection; and that the separate specific acts of negligence should be separately and distinctly submitted so that the jury may not be confused; and so that the jury may be limited to and confined in its findings to specific issues plead and proved: City of Fort Worth v. Ware, Tex.Civ.App., 1 S. W.2d 464; Dallas Ry. & Terminal Co. v. Boland, Tex.Civ.App., 53 S.W.2d 158, 159; Kennedy v. Wheeler, Tex.Civ.App., 268 S. W. 516, 521; Jamison Gin Co. v. Measels, Tex.Civ.App., 207 S.W. 365, 366; Dallas & O. C. El. Railway Co. v. Harvey, Tex. Civ.App., 27 S.W. 423.

The gravamen of the error in all of these cases is the fact that failure to submit separately the specific grounds of negligence plead would confuse the jury, and deprive the defendant of knowing the particular act or omission upon which the jury predicates its findings; and that where general negligence is submitted, even under proper definition, the jury may, unless limited, find the defendant negligent for other reasons or grounds not alleged. But no such case is here presented, because only one ground of negligence was alleged and proved; the one ground alleged and proved being that appellant overfed his machine while running it at high speed with teeth in concave too close together. Neither of these acts standing alone would cause the injury complained of; and each expert witness in substance so testified, and each minutely described what would, and what the evidence showed actually did, result from the concurrence of said acts. The jury could, therefore, not have been misled or confused.

The evidence fully sustained the jury findings on all issues submitted.

Appellant and appellee were both experienced threshermen. Each testified that if a machine were overfed while operating at high speed and with teeth in concave close together, wheat or barley would be broken and chopped and blown into the straw stack. To the same effect was the testimony of other experienced threshermen. Appellee protested to appellant that he was so operating the machine, which appellant denied, and threatened to quit

threshing if appellee further interfered. Appellant admitted that he warned three or four of his employees that they were overfeeding the machine. Appellee and several witnesses testified to overfeeding while operating at high speed and with teeth in concave close together. Large amounts of broken and chopped and whole wheat and barley were blown into the straw stack. Straw from the stack was placed on a sheet and winded, and more than a bushel of grain was recovered from two windings. A heavy rain fell on the straw stack a few days after the threshing and washed much grain into ditches. A day or two later the wet straw was removed from the top of the stack, and the straw, about one-half, from the middle of the stack was rethreshed through a combine thresher, and about 22 bushels of grain was recovered. The wheat was in two fields, a 23-acre and a 40-acre field. The 23-acre field was first threshed, and because of its location across a branch from the thresher, the trucks could only haul enough to feed from one side, and no overfeeding occurred. This field yielded 335 bushels, or about 13½ bushels per acre. The 40-acre field was as good or better, according to the witnesses, as the 23-acre field, but it only yielded 155 bushels. The grain, according to several farmers, was about the same in the two fields, and, in their opinion, each should have yielded from 12 to 14 bushels per acre. The 23-acre field yielded 13½ bushels per acre, while the same grade of wheat in the 40-acre field yielded about 4 bushels per acre. The protests by appellee were made while appellant was threshing the wheat from the 40-acre tract. This field was close to the threshing machine and on level ground; and the truckers and employees fed from both sides of the thresher, and appellant had to stop three or four of them from feeding the machine too fast; and much grain was broken and chopped and blown into the straw stack, according to several witnesses. The barley was fed into the machine the same as the wheat from the 40-acre field, with the same results, and did not yield one half as much as witnesses estimated it should have yielded.

We find no error requiring a reversal of the judgment of the trial court, and it is affirmed.

Affirmed.